**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| ESTEBAN SANCHEZ CAMPOS,<br>Petitioner,<br>v.<br>YOLDANDA PITMAN, *et al.*,<br>Respondents. | Civil Action No. 26-10737 (BRM)<br><br>**MEMORANDUM AND ORDER** |

**MARTINOTTI, DISTRICT JUDGE**

Before the Court is Petitioner Esteban Sanchez Campos ("Petitioner") Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2241, challenging his continued detention. (ECF No. 1.) Respondents filed an answer. (ECF No. 7.) Petitioner did not reply.

Petitioner, a citizen of Mexico, entered the United States in March 2012, on a visa as a nonimmigrant for temporary work with authorization to remain in the United States for a temporary period not to exceed June 30, 2012. (ECF No. 1 at 5; ECF No. 7 at 1.) Petitioner remained in the country beyond time authorized by his visa. On December 12, 2017, Immigration and Customs Enforcement ("ICE") agents detained Petitioner following his release from New Jersey state custody on a criminal matter and issued him a Notice to Appear. (ECF No. 7 at 1.) On March 28, 2018, an immigration judge granted Petitioner's request for bond and released Petitioner. (*Id.*)

On August 18, 2026, ICE detained Petitioner and served him with a Notice of Custody Determination. (*Id.* at 1-2.) Petitioner has been detained since his arrest pursuant to 8 U.S.C. § 1226(a). (ECF No. 5 at 2.) Respondents indicate that Petitioner's requested a bond hearing but

one had not yet been scheduled. (*Id.* at 2.) The parties have not updated the Court on the status of the bond hearing.

On August 21, 2026, Petitioner filed this Petition arguing his unlawful detention violates his due process rights. (*See generally* ECF No. 1.) Respondents filed an answer. (ECF No. 7.)

Under 28 U.S.C. § 2241(c), habeas relief may be extended to a prisoner only when he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A federal court has jurisdiction over such a petition if the petitioner is "in custody" and the custody is allegedly "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989). A district court's authority includes jurisdiction to hear habeas challenges to immigration-related detention. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001). The burden is on petitioner to show that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3); *Walker v. Johnston*, 312 U.S. 275, 286 (1941).

In his Petition, Petitioner argues that his detention is unlawful and violates his due process rights and is arbitrary and capricious. (*See generally* ECF No. 1.) Petitioner argues that the revocation of his bond violated his due process rights. (*Id.*) Petitioner also argues his arrest violated his Fourth Amendment rights. (*Id.*) Petitioner seeks his immediate release from custody. (*Id.*)

Respondents indicate that Petitioner has requested a bond hearing but one has not been scheduled yet.

Under 8 U.S.C. § 1226(a), the Government is authorized to detain, conditionally parole, or release an alien subject to removal proceedings prior to the issuance of a final order of removal. *See Jennings v. Rodriguez*, 583 U.S. 281, 288–89 (2018); *see also Zheng v. Rokosky*, 826 F. Supp. 3d 545, 554 (D.N.J. 2026) ("Respondents unquestionably possess the authority to detain non-

citizens during removal proceedings when Congress has authorized them to do so under § 1226(a)."); *see also Demore v. Kim*, 538 U.S. 510, 523 (2003) ("Deportation proceedings would be vain if those accused could not be held in custody pending the inquiry into their true character." (cleaned up)). "[T]he creation of statutory rights associated with a given immigration status falls exclusively within the purview of Congress . . . ." *Osorio-Martinez v. Att'y Gen. United States of Am.*, 893 F.3d 153, 172 (3d Cir. 2018). Section 1226 and its implementing regulations require the Department to "provide detainees with a 'prompt bond hearing.'" *Zheng*, 826 F. Supp. 3d at 554 (quoting *Borbot v. Warden Hudson Cnty. Corr. Facility*, 906 F.3d 274, 278 (3d Cir. 2018)). As such, where the Government chooses to detain an alien, the alien may request a bond hearing before an immigration judge, and to appeal any adverse decision as to his bond request to the Board of Immigration Appeals. *See, e.g., Borbot*, 906 F.3d at 278–79; *see also* 8 C.F.R. § 1236.1(d)(1) (alien detained under § 1226(a) "may, at any time before [a removal order] becomes final" request a bond hearing before an immigration judge). At a bond hearing under the statute, the alien bears the burden of proving that he is neither a danger to the community nor a flight risk. *Id.* at 279.

Respondents submit that a bond hearing has not yet occurred. Accordingly, Petitioner has failed to exhaust his administrative remedies. *See Saravia v. Green*, No. 17-34559, 2017 WL 651335, at * 3 (D.N.J. Dec. 15, 2017) (citing *Nepomuceno v. Holder*, No. 11-6825, 2012 WL 715266, at *2 (D.N.J. Mar. 5, 2012) ("Although 28 U.S.C. § 2241 contains no exhaustion requirement, '[o]rdinarily, federal prisoners are required to exhaust their administrative remedies prior to seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2241.'") (citing *Gambino v. Morris*, 134 F.3d 156, 171 (3d Cir. 1998)). Therefore, to the extent Petitioner argues that his rights are being violated by his detention under 8 U.S.C. § 1226(a), Petitioner has not exhausted his administrative remedies.

It would not be futile to require exhaustion. "Courts in the Third Circuit have excused exhaustion in cases in which the United States argues 8 U.S.C. § 1225(b)(2) is the relevant detention statute because the immigration courts would be required to dismiss bond hearings for noncitizens detained pursuant to § 1225(b) pursuant to the Board of Immigration Appeal's decision in *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216 (BIA 2025)." *Duque v. Soto*, No. 26-cv-2638, 2026 WL 904231, at *2 (D.N.J. Apr. 2, 2026). But that is not the case here. Failure to exhaust will not be excused when it is a choice. *See Hayes v. Ortiz*, No. 20-cv-5268, 2020 WL 3425291, at *5 (D.N.J. June 23, 2020) ("By choosing to skip the administrative process, Petitioner has delayed any relief that was available to him.")

"In a fundamentally fair bond hearing, due process has three essential elements. '[A noncitizen]: (1) is entitled to factfinding based on a record produced before the decisionmaker and disclosed to him or her; (2) must be allowed to make arguments on his or her own behalf; and (3) has the right to an individualized determination of his [or her] interests.'" *Ghanem v. Warden Essex Cnty. Corr. Facility*, No. 21–1908, 2022 WL 574624, at *2 (3d Cir. Feb. 25, 2022) (second alteration in original). This Court cannot say that the immigration courts are categorially unable to provide Petitioner with a fundamentally fair bond hearing on the present record.

Because Petitioner has not had a bond hearing, his request for release in the Petition is unexhausted and must be dismissed. *Duvall v. Elwood*, 336 F.3d 228, 233 (3d Cir. 2003)) (noting that detainee's failure to exhaust administrative remedies was "fatal to the District Court's jurisdiction over her habeas petition").

Petitioner's Fourth Amendment argument that ICE agents' stop of his vehicle and/or his arrest was unlawful does not warrant habeas relief of release from custody. (ECF No. 1 at 15–16.) "[T]he remedy for an unlawful arrest is the suppression of evidence obtained therefrom, not release

from custody." *See Noori v. Soto*, No. 26-951, 2026 WL 631642 at * 2 (D.N.J. March 5, 2026) (quoting *Valenzuela v. Semaia*, No. 5:25-cv-02853, 2025 WL 3635578, at *4 (C.D. Cal. Nov. 3, 2025) (citing *I.N.S. v. Lopez-Mendoza*, 468 U.S. 1032, 1039 (1984))). "The 'body' or identity of a defendant or respondent in a criminal or civil proceeding is never itself suppressible as a fruit of an unlawful arrest, even if . . . an unlawful arrest, search, or interrogation occurred." *Lopez-Mendoza*, 468 U.S. at 1039; *see also Naranjo v. Uhls*, No. 4:25-cv-05756, 2025 WL 3771447, at *2 (S.D. Tex. Dec. 31, 2025) ("It does appear the Government has adopted a widespread practice of taking aliens into custody when they appear for court. . . . Absent a connection that undermines the lawfulness of Petitioner's detention pursuant to the immigration laws, argument that such practice has unintended consequences or is poor policy is simply beyond the jurisdiction afforded upon inquiry on habeas corpus."); *Rezaee v. President of the United States*, No. 6:25-cv-1140, 2025 WL 4051609, at *5 (M.D. Fla. July 29, 2025) ("Thus, even if Petitioner's initial arrest was unlawful, her detention pending removal may stand.") Although "the legality of [Petitioner's] initial arrest may be at issue in his removal proceedings, it does not provide this Court a basis for concluding that his current detention violates the INA or the Constitution." *Suraj Suraj v. Bondi*, No. 2:25-cv-02699, 2026 WL 507682, at *3 (W.D. Wash. Feb. 24, 2026).

Accordingly, and for good cause appearing,

**IT IS** on this 24th day of September 2026,

**ORDERED** that the Petition (ECF No. 1) is **DENIED without prejudice**; and it is further

**ORDERED** the Clerk of Court shall serve a copy of this Memorandum and Order upon the parties electronically and **CLOSE** the case.

*/s/ Brian R. Martinotti*
**HON. BRIAN R. MARTINOTTI**
**UNITED STATES DISTRICT JUDGE**